**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOSEPH MORAIN, JR., ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-756** |
| | * | |
| **STATE FARM FIRE AND INSURANCE, ET AL.** | * | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration (Rec. Doc. No. 30) of this court's ruling (Rec. Doc. No. 29), denying Defendant's motion to dismiss (Rec. Doc. No. 23). After considering the Motion, responses, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Rec. Doc. No. 30) is **DENIED**.

FINDINGS

The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred. See 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 125-27 (1995) ("Wright & Miller"). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*,

172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001); *Wright & Miller*, § 2810.1 at 127-28; and *Clay v. Daichi Shipping*, 2000 WL 6269, at *1 (E.D. La. Jan. 5, 2000). In the present case, dismissal was granted following plaintiffs' repetitive failures to comply with court orders and deadlines.

Under Rule 60(b), the Fifth Circuit has established that denial of a motion for reconsideration for reason of the inadvertent mistake of counsel in missing a filing deadline is not an abuse of discretion. *Edward H. Bohlin , Inc. v. Banning Co.*, Inc., 6 F.3d at 356-57 (5th Cir. 1993); but see also *Heisser v. Contender Boats, Inc.*, 73 Fed. R. Serv. 3d 690. However, gross carelessness, ignorance of the rules, or ignorance of the law may not form the basis for Rule 60(b)(1) relief. *Id.* (citing *Pryor v. U.S. Postal Serv*., 769 F.2d 281, 287 (5th Cir.1985)). "A party has a duty of diligence to inquire about the status of a case." *Id.* Even where a movant satisfies this timeliness requirement, it is still incumbent upon him/her to make the necessary showing that there are unique or sufficiently unusual circumstances that justify the relief sought under the Rule. *Id* at 288. "[A] court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." Id. (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir.1991)). Under Rule 60(b)(1) the moving

party must show why it was justified in failing to avoid mistake or inadvertence. Rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." Id.; see also *Baustian v. Louisiana*, 929 F. Supp. 980, 981 (E.D. La. 1996). The Fifth Circuit has also stated final judgements should not be lightly disturbed, and Rule 60 (b) should not be used as a substitute for appeal. *U.S. v. Gould*, 301 F.2d 353, 355-356 (5th Cir. 1962).

Over the course of two and a half years of litigation, movants continually failed to participate in discovery and comply with court orders. Dismissal was justified under Federal Rule of Civil Procedure 37. Defendant was not able to fairly evaluate the claim against it when plaintiffs failed to respond to interrogatories or submit expert witness lists. Forced with plaintiffs' failure to participate in discovery and comply with court orders, defendant moved for and was granted without opposition a Rule 37 dismissal with prejudice. Plaintiffs' proffered explanation was not reasonable. Under operative circumstances here, the need for finality outweighs the need for decisions on the ultimate merits of the underlying claims.

*See Bohlin, supra.*

Absent substantial reasons reflecting manifest injustice,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Rec. Doc. No. 30) is **DENIED**.

New Orleans, Louisiana, this 23rd day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE